UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| DECKER ADVERTISING,<br><br>                                              Plaintiff,<br><br>v.<br><br>DELAWARE COUNTY, NEW YORK;<br>and<br>TINA MOLÉ; ARTHUR MERRILL; MARK TUTHILL;<br>THOMAS AXTELL; JEFFREY TAGGART; WAYNE E.<br>MARSHFIELD; JERRY VERNOLD; JAMES E. EISEL;<br>GEORGE HAYNES JR.; BETTY L. SCOTT; JAMES G.<br>ELLIS; CARL PARTRICK DAVIS; ALLEN R. HINKLEY;<br>ERIC T. WILSON; JOHN S. KOSIER; WILLIAM<br>LAYTON; JOSEPH CETTA; and AMY MERKLEN,<br>Individually and in their Official Capacities,<br><br>                                              Defendants, | Civil Action No.: 3:23-cv-1531<br>(AMN/ML) |

**DEFENDANTS' MEMORANDUM OF LAW IN REPLY TO PLAINTIFF'S RESPONSE TO DEFENDANTS' MOTION TO DISMISS**

**HANCOCK ESTABROOK, LLP**
Frank W. Miller, Esq. (102203)
Giancarlo Facciponte, Esq. (520126)
*Attorneys for the Defendants*
1800 AXA Tower I
100 Madison Street
Syracuse, New York 13202
Tel: 315-565-4500

i

# <u>TABLE OF CONTENTS</u>

PRELIMINARY STATEMENT ............................................................................................... 1

ARGUMENT ........................................................................................................................... 1

    I.    GENERAL PRINCIPLES REGARDING FIRST AMENDMENT APPLICABILITY TO NEWS GATHERING DO NOT OBVIATE DEFENDANTS' MOTION POINTS REGARDING CLAIMS 1 AND 2 ............................................................................ 2

    II.    PLAINTIFF DOES NOT ALLEGE AN IMPERMISSIBLE "GAG ORDER" IN A NONCONCLUSORY MANNER, THUS CLAIMS 2 SHOULD BE DISMISSED. ............... 5

    III.    COUNTY LAW §214 PROVIDES REASON FOR PLAINTIFF'S DE-DESIGNATION IN ITS CURRENT FORM ........................................................................................... 6

    IV.    LEGISLATIVE IMMUNITY BARS PLAINTIFF'S CLAIMS AGAINST THE INDIVIDUAL BOARD OF SUPERVISORS DEFENDANTS ................................................ 7

    V.    PLAINTIFF'S FOURTEENTH AMENDMENT CLAIM SHOULD BE DISMISSED ......... 9

    VI.    PLAINTIFF WAS SUBJECT TO DE-DESIGNATION AS A RESULT OF THEIR OWN ACTIONS .......................................................................................................... 9

CONCLUSION ...................................................................................................................... 10

# TABLE OF AUTHORITIES

**Page(s)**

**Federal Cases**

*Ocala Star-Banner Co. v. Damron*, 401 U.S. 295, 301, 91 S. Ct. 632, 28 L. Ed. 2d 57 (1971) ................................................................................................................................ 3

*Lewis v. Cowen*, 165 F.3d 154, 163-64 (2d Cir.1999) .................................................................. 3

*Relihan v. Brink*, 285 A.D. 729, 730–31, 140 N.Y.S.2d 659, 661 (App. Div. 1955) .............................. 3, 7

*Pen Am. Ctr., Inc. v. Trump*, 448 F. Supp. 3d 309, 323 (S.D.N.Y. 2020) ...................................... 3

*Kirkpatrick v. Vill. of Washingtonville*, N.Y., No. 7:09-CV-2591 WWE, 2011 WL 1330745, at *9 (S.D.N.Y. Mar. 31, 2011) ............................................................................ 3, 4

*Spargo v. N.Y. State Comm'n on Judicial Conduct*, 351 F.3d 65, 83–84 (2d Cir.2003) .......................... 3, 4

*McKenna v. Nassau Cnty.*, No. 223CV4286ARRST, 2023 WL 8455670, at *11–12 (E.D.N.Y. Dec. 6, 2023) ......................................................................................... 4, 9, 10

*Nicholas v. Bratton*, 376 F. Supp. 3d 232, 260 (S.D.N.Y. 2019) .................................................. 4

*Cioffi v. Averill Park Cent. Sch. Dist. Bd. Of Educ.*, 444 F.3d 158, 162 (2d Cir. 2006) .............................. 5

*Morris v. Lindau*, 196 F.3d 102, 111 (2d Cir.1999) ...................................................................... 8

*Zdziebloski v. Town of E. Greenbush*, N.Y., 336 F. Supp. 2d 194, 203 (N.D.N.Y. 2004) .......................... 8

*Best Payphones, Inc. v. Dobrin*, 410 F. Supp. 3d 457, 484 (E.D.N.Y. 2019) ...................................... 9

*Anemone v. Metro. Transp. Auth.*, 410 F. Supp. 2d 255, 268 (S.D.N.Y. 2006) .................................... 9

*Mount Healthy City School District Board of Education v. Doyle*, 429 U.S. 274 (1977) ......................... 10

ii

## PRELIMINARY STATEMENT

Plaintiff's Response to Defendant's Motion to Dismiss highlights a fundamental misinterpretation of their own allegations. Plaintiff's general argument regarding the status of journalism as protected speech has no relevance here, where Plaintiff's protected activity is claimed as their designation under New York's County Law §214(2) and deprivation of protected speech from willing speakers through a "gag directive." *See* Doc. No. 1 at ¶102-113. Plaintiff's argument that a gag directive in the circumstance alleged is improper has no relevancy, since the Complaint does not put forward any facts to comprise an allegation of an actual "gag order" under prior jurisprudence. Doc. No. 1 at 74-80. Plaintiff's argument regarding the personal involvement of the Board members is misplaced, as the March 2023 letter in question was not an adverse action and the act of voting is legislative in nature, granting immunity. Doc. No. 1 at ¶46-95. Plaintiff's clarify that their claim of a Fourteenth Amendment violation is based on their allegation of a "gag directive" and its supposed implications, thus it fails as one is not adequately pled. *See* Doc. No. 1 at ¶108-113; Doc. No. 56 at 31-33. Perhaps most importantly, Plaintiff's argument regarding New York's County Law §214(1) does not seem to dispute that Defendants had the ability to de-designate Plaintiff, but merely that it should not have in these circumstance, which is an argument that should have been properly raised in a proceeding pursuant to New York's Article 78. See Doc. No. 56 at 12-

The unprotected status of the erroneous reporting in the circumstance alleged is a supporting reason for dismissal of Plaintiff's First Amendment claim, but very evidently not the exclusive reason moved upon by Defendants, as put forward in Plaintiff's Response. The same can be said for the constitutionality of any directive issued to County employees, mooting Plaintiff's arguments on the same. Plaintiff's Response regarding County Law §214, when read carefully,

does not allege that de-designation was outside the scope of that law. While Defendants disagree with this interpretation of County Law §214, as stated below, such a distinction is properly brought under New York's Article 78, not in the claims presented.

Accordingly, the Complaint should be dismissed.

## **ARGUMENT**

I.    GENERAL PRINCIPLES REGARDING FIRST AMENDMENT APPLICABILITY TO NEWS GATHERING DO NOT OBVIATE DEFENDANTS' MOTION POINTS REGARDING CLAIMS 1 AND 2.

Defendants argue that the protected speech alleged in the Complaint is comprised of two basis (1) Plaintiff claims protected activity in their status as a designated newspaper of record under County Law § 214 was protected, or there was some protected speech in advance of that event; and (2) Plaintiff's claim they were adversely effected in being deprived of protected speech from willing speakers through a "gag directive," and they had a right to that information under the First Amendment. *See* Doc. No. 1 at ¶102-113. Plaintiff does not put forward facts to plausibly indicate that specific speech made before its de-designation was some kind of blanket protection from de-designation in these circumstance, though the Response implicates such an articulation. It is from the proposition related to the nature of the conduct in question that Defendants' position flows.

As to the first instance of alleged protected activity, Plaintiff faces a unique situation where, despite their handwaving, the "vestiges of partisanship remaining in § 214(2)" indeed still exist. Doc. No. 56 at 22. Thus, Plaintiff's admission in the Complaint that the decision to de-designate it under County Law § 214 came after it published a factually incorrect article to the public. *See* Doc. No. 1 at ¶30-33. Plaintiff's Complaint goes on to admit that the de-designation was partially

motivated by prior instances of misinformation by *The Reporter*, as well as "the dramatic increase in price and the County having to do the work and Lillian." Doc. No. 1 at ¶41-43, Exs. B, D, E. While Plaintiff seems to think these allegations add further support to the circumstance of protected conduct in question, they destroy it, by rendering the matter one of personal concern to Plaintiff and political discretion of the County under County Law §214. *Ocala Star-Banner Co. v. Damron*, 401 U.S. 295, 301, 91 S. Ct. 632, 28 L. Ed. 2d 57 (1971); *Lewis v. Cowen*, 165 F.3d 154, 163-64 (2d Cir.1999); *Relihan v. Brink*, 285 A.D. 729, 730–31, 140 N.Y.S.2d 659, 661 (App. Div. 1955). It is these unique circumstances in New York which render the specific first instance of protected conduct insufficiently pled, which may not exist in other jurisdictions. Plaintiff must contend with the underpinning law as it currently exists in this venue, not as they wish it to be. If Plaintiff believed the administrative action in question was improperly executed, or the political vestiges of the state law ran afoul of some principle, the proper action is an Article 78 proceeding.

As to the second instance of alleged protected conduct, first it should be noted that a claim premised on the right to receive information can only exist where it is alleged that the flow of information, which a plaintiff has a right to, was obstructed by government action, and no such action is actually alleged in the Complaint. *Pen Am. Ctr., Inc. v. Trump*, 448 F. Supp. 3d 309, 323 (S.D.N.Y. 2020). Second, Defendants argue that the particular speaker identified in the Complaint must also have the First Amendment right to freely speak on the topic which the listener alleges they had a right to receive information regarding. *See Kirkpatrick v. Vill. of Washingtonville*, N.Y., No. 7:09-CV-2591 WWE, 2011 WL 1330745, at *9 (S.D.N.Y. Mar. 31, 2011)(*citing Spargo v. N.Y. State Comm'n on Judicial Conduct*, 351 F.3d 65, 83–84 (2d Cir.2003)). In light of these standards, Plaintiff's argument is perplexing, as the willing speakers identified in the Complaint all spoke or the information sought was conveyed, when one carefully considers the allegations at bar. Doc.

3

No. 1 at ¶74-80. The adverse action, in other words, is the right to receive information protected by the first amendment after a plausibly alleged improper restriction. *See Kirkpatrick v. Vill. of Washingtonville*, N.Y., No. 7:09-CV-2591 WWE, 2011 WL 1330745, at *9 (S.D.N.Y. Mar. 31, 2011)(*citing Spargo v. N.Y. State Comm'n on Judicial Conduct*, 351 F.3d 65, 83–84 (2d Cir.2003)). Here though, this adverse action is impossible based on the Marshfiled and Emerti allegations, being the only specifically identified willing speakers, as neither were prevented from speaking and unequal treatment of media outlets seeking information is permissible where the restriction is content neutral, and serves a legitimate government objective which has benefits that outweigh any detriments to plaintiff. Doc. No. 1 at ¶74-80; *McKenna v. Nassau Cnty*., No. 223CV4286ARRST, 2023 WL 8455670, at *11–12 (E.D.N.Y. Dec. 6, 2023)(*citing Nicholas v. Bratton*, 376 F. Supp. 3d 232, 260 (S.D.N.Y. 2019)). None of the willing speakers named in the Complaint are contended in a nonconclusory way to have been willing to discuss First Amendment protected information related to public concerns, nor is *The Reporter* contended to have been deprived of any information.

After de-designation, Defendants are merely contended to have sent a letter on March 8, 2023 to *The Reporter*, with whom they then had only a transactional relationship, and to have debated *The Reporter's* re-designation as a political paper for 2024 under § 214(1). Doc. No. 1 at ¶46-95. The Response spends much time on this March 2022 letter, but as argued in Defendants' Motion, it merely asks that *The Reporter* perform its core mission with more thoroughness. *See* Doc. No. 1 at Ex. G. *The Reporter* fails to allege that Defendants ceased doing business with them, treated them unfairly in business, or the like because it would be false, as nothing of the sort occurred.

4

Accordingly, Plaintiff has not put forward plausibly alleged protected conduct in a non-conclusory way, which is not of a personal concern to Plaintiff, and therefore Claims 1 and 2 should be dismissed. *Cioffi v. Averill Park Cent. Sch. Dist. Bd. Of Educ.*, 444 F.3d 158, 162 (2d Cir. 2006).

II.    PLAINTIFF DOES NOT ALLEGE AN IMPERMISSIBLE "GAG ORDER" IN A NONCONCLUSORY MANNER, THUS CLAIMS 2 SHOULD BE DISMISSED.

Plaintiff's Response argues at length regarding a presumed gag order, but this argument stems from the Complaint's factual allegation that the County attorney merely review all statements to Plaintiff in a content neutral manner. Doc. No. 1 at ¶78-83. Such an allegation does not actually constitute a plausibly pled "gag order," but merely a permissible action by a municipality that never resulted in an unconstitutional restriction of the flow of information, as Plaintiff does not allege they failed to receive the information from the County Attorney in the admitted follow up conversation had, after the Public Defender noted he had to "run it by" her. Doc. No. 1 at ¶78-83.

The right to equal access to information by the media is not absolute. *See Am. Broad. Cos. v. Cuomo*, 570 F.2d 1080, 1083 (2d Cir. 1977). Restrictions on communications to media outlets are permissible in this circuit where they are content neutral. *See Nicholas v. Bratton*, 376 F.Supp.3d 232, 260 (S.D.N.Y. 2019)(restriction to a particular incident area impermissible, even though motivated as restriction to particular media outlet and not to suppress information regarding the scene). Here, Plaintiff again belies their own claim by expressly alleging a desire to engage in litigation pertaining to their de-designation. Doc. No. 1 at ¶52-55, 79-81, 84, 97-101, Exs. P, R. Reasonably then, the County attorney is claimed to have neutrally sought to review any statements to the Reporter, no matter their content. Doc. No. 1 at ¶78-83 (*all* communications to *The Reporter* be reviewed by the County Attorney, not only those related to a certain subject matter or incident).

5

Defendants burden on this argument is significantly lightened by the attachments to the Complaint wherein Plaintiff indeed states a desire to litigate against Defendants prior to the supposed 'gag order.' *See* Doc. No. 1 at Exs. P, R. Without the County Attorney's directive in this case, the County's officials may have inadvertently subjected the municipality liability through an otherwise innocuous or unintentional response to a request for statement. This content neutral objective is further supported by the preceding Point I argument, as no actual information flow was ultimately obstructed through the County Attorney's alleged directive.

Accordingly, Plaintiff's second claim should be dismissed.

III.    COUNTY LAW §214 PROVIDES REASON FOR PLAINTIFF'S DE-DESIGNATION IN ITS CURRENT FORM.

Plaintiff's arguments regarding the amendment to County Law §214 allowing independent newspapers to be selected under the law do not obviate Defendants' motion in the slightest, as the statute remains one permitting a governing political party to designate a paper of record, and then two parties to designate political papers specifically. Plaintiff's allegations that their de-designation was rooted in Defendant's belief they reported misinformation supports this Court finding that their de-designation under New York's particular statute, as Plaintiff admits it knew that Defendant's took issue with an individual named "Lilian's" reporting and believed her to unfairly and inaccurately report regarding the County, and Defendants specifically took issue with an article that contained blatant misinformation in March of 2022.

Where a publication previously designated to be that of record under County Law § 214(1) later advocates for principles not supported by candidates for that party, or fails to support the nominees or office holders of that party, the newspaper has removed itself from eligibility under the statute and may be declared as a matter of law not qualified for designation. *See Burns v. Joyce*,

6

1962, 33 Misc.2d 1088, 228 N.Y.S.2d 532, *Relihan v. Brink* (3 Dept. 1955) 285 A.D. 729, 140 N.Y.S.2d 659. *People ex rel. Bonheur v. Christ*, 1913, 208 N.Y. 6, 101 N.E. 846. Nothing presented by the amendments to the statute changed the existing version of §214(1) in a manner that would obviate the central premise of that subsection's relevant to this argument. Plaintiff's protests otherwise should have been brought, if anywhere, in an Article 78 proceeding as argued in Defendants' Motion.

By the Complaint's own allegation, *The Reporter's* journalistic issues along with increased prices, from Defendant's viewpoint, caused its own designation under the Statute to no longer be appropriate, rendering *Relthan, supra,* applicable. The political wording of §214(2) remains, despite the inclusion of language *allowing* an independent newspaper to be selected. In fact, the wording of the statute is express, contrary to Plaintiff's argument on legislative intent, stating that "consideration shall be given to those newspapers advocating the principles of the two major political parties" when formulating a designation under §214(2). The amendments to that law merely permit a "third party" or independent paper to be selected, not render political considerations impermissible.

The allegations of the Complaint show that Plaintiff raised prices and caused Defendants increased costs, while engaging in what Defendants considered poor quality reporting. Accordingly, Plaintiff's first claim cannot stand.

**IV.**   LEGISLATIVE IMMUNITY BARS PLAINTIFF'S CLAIMS AGAINST THE INDIVIDUAL BOARD OF SUPERVISORS DEFENDANTS

Plaintiff's argument regarding Defendants' motion as to the individual Board of Supervisors Defendants is perplexing, as Plaintiff first claims there is no support for such a proposition that the act of voting alone does not constitute sufficient personal involvement in these

4866-3407-2269, v. 1

circumstances, but then concedes that legislative immunity exists and " '[t]he act of voting is 'quintessentially legislative.' " *Morris v. Lindau*, 196 F.3d 102, 111 (2d Cir.1999) *Zdziebloski v. Town of E. Greenbush*, N.Y., 336 F. Supp. 2d 194, 203 (N.D.N.Y. 2004).

Defendants' argument regarding the lack of personal involvement of the individual board members cited in the caption of this matter is built upon this standard coupled with the foundation built by other points in Defendants' Motion: without any further acts alleged aside from the act of de-designation, legislative immunity prevents a plausible allegation of personal involvement here. The question of legislative immunity should be not viewed in a vacuum or as an academic concept applied to conclusory allegations, but rather a discrete question presented by the unique circumstances of Plaintiff's Complaint. Those circumstances dictate a single action that can be considered adverse towards Plaintiff by these Board Member Defendants, the act of de-designation. This act is based on a vote alone, which is something unquestionably legislative in nature. *Zdziebloski v. Town of E. Greenbush*, N.Y., 336 F. Supp. 2d 194, 203 (N.D.N.Y. 2004).

Plaintiff's only other possible factual allegation that pertains to the Board Member Defendants centers around the March 2022 letter, which caused Plaintiff to do nothing, required them to do nothing, was not a published communication by either party to this litigation, is not contended to have had an effect on the business relationships of Plaintiff. After their immune vote in 2022, these Defendants are merely contended to have sent a letter on March 8, 2023 to *The Reporter*, with whom they then had only a transactional relationship, and to have debated *The Reporter's* re-designation as a political paper for 2024 under § 214(1). Doc. No. 1 at ¶46-95.

Accordingly, there are no circumstances in which Plaintiff could assert claims against the individual Board of Supervisor Defendants that are not subject to legislative immunity here.

Therefore, there is necessarily a lack of personal involvement by these Defendants for §1983 purposes, and the claims as to them should be dismissed.

V.    PLAINTIFF'S FOURTEENTH AMENDMENT CLAIM SHOULD BE DISMISSED.

There is no argument or distinction in Plaintiff's Response as to why the alleged Fourteenth Amendment claim here is not precisely duplicative of Plaintiff's First Amendment claim, therefore dismissible in this circuit. *McKenna v. Nassau Cnty*., No. 223CV4286ARRST, 2023 WL 8455670, at *11–12 (E.D.N.Y. Dec. 6, 2023)(*quoting Best Payphones, Inc. v. Dobrin*, 410 F. Supp. 3d 457, 484 (E.D.N.Y. 2019)(internal quotation marks omitted).  Plaintiff's Complaint specifically does not allege any difference between the facts of their due process claim, or the resulting claimed damages or injury, and the alleged due process violation. The only basis for Plaintiff's Fourteenth Amendment claim is their alleged protected activity and retaliation for the same, which is a claim of First Amendment retaliation. *See id*. This is true both of Plaintiff's first claim regarding de-designation, as it is based on their apparent claim of protected misinformation in March of 2022, and their second claim based on a willing speakers theory. There is no other interpretation present in the alleged facts, or in the presented claim. *See* Doc. No. 1 at ¶108-113.

Further, Plaintiff does not provide any support for finding that Plaintiff had a property right to de-designation in these circumstances, nor can such a property right be derived from the facts of the Complaint. Without such a specifically identified and pled property interest, this claim should be dismissed. *Anemone v. Metro. Transp. Auth*., 410 F. Supp. 2d 255, 268 (S.D.N.Y. 2006).

VI.    PLAINTIFF WAS SUBJECT TO DE-DESIGNATION AS A RESULT OF THEIR OWN ACTIONS

Plaintiff's Response essentially argues that once they obtained designation, there is virtually nothing the County could do, or permissible reason the County could assert, for de-

9

designation. This argument can be disregarded by consideration of the well known maxim that affirmative defense that, if a public employee, and therefore a third-party contractor, could be terminated for unprotected conduct, the fact that the employee may have also engaged in protected speech will not render the termination a violation of law. *See Mount Healthy City School District Board of Education v. Doyle*, 429 U.S. 274 (1977).

Where a permissible reason for dismissing an independent contractor exists despite otherwise protected activity, that dismissal will not violate the First Amendment. *McKenna v. Nassau Cnty*., No. 223CV4286ARRST, 2023 WL 8455670, at *9 (E.D.N.Y. Dec. 6, 2023). News agencies do not receive free reign to couch all governmental action against them in First Amendment terms, therefore, and improper activity "snuff(s) out" and protected activity. See id.

As argued at length in Defendants' Motion and herein, Plaintiff's own improper reporting and raising of prices provided ample legitimate, constitutional reason for de-designation. Without this ability, Plaintiff could raise prices with impunity, lower quality of reporting, or report blatant falsehoods and still not be subject to de-designation under Plaintiff's interpretation. Such a result reveals the flaw in that interpretation.

Accordingly, Plaintiff's Complaint should be dismissed, as the Complaint articulates legitimate reason for the de-designation in que

**<u>CONCLUSION</u>**

For the reasons stated herein, Plaintiff's Complaint should be dismissed.

Date:  July 1, 2024                          Respectfully submitted,

                                       **HANCOCK ESTABROOK, LLP**

                                 By:  */s/ Frank W. Miller*
                                       Frank W. Miller, Esq. (102203)
                                       Giancarlo Facciponte, Esq. (520126)
                                       *Attorneys for the Defendants*
                                       1800 AXA Tower I
                                       100 Madison Street
                                       Syracuse, New York 13202
                                       Tel: 315-565-4500